IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHARON MILLER,

      Plaintiff,

v.                                  CASE NO. 4:10cv380-RH/WCS

FLORIDA DEPARTMENT OF
CORRECTIONS,

      Defendant.

_____/

**ORDER AMENDING THE REINSTATEMENT ORDER,
AMENDING THE JUDGMENT, AND SETTING
<u>CONDITIONS FOR A STAY OF THE MONEY JUDGMENT</u>**

      The jury in this employment-discrimination case returned a verdict finding that the defendant Florida Department of Corrections demoted the plaintiff Sharon Miller because of her race. The demotion led to Ms. Miller's transfer to a different city and, because she could not make the commute, to the end of her employment. The jury awarded $70,000 for past lost wages and benefits, with interest, and $100,000 for mental and emotional anguish. The order of October 14, 2011, denied the Department's prejudgment oral motion for judgment as a matter of law and directed the entry of a judgment for $170,000. ECF No. 56. The order and

judgment also set out procedures intended to lead to Ms. Miller's reinstatement in an appropriate position. ECF Nos. 56 & 58.

The Department filed a postjudgment written motion for judgment as a matter of law, for a remittitur, for the deletion of the requirement to reinstate Ms. Miller, and for a new trial. *See* ECF No. 64. The order of November 29, 2011, denied the motion. ECF No. 69.

In the meanwhile, the Department also moved to stay the reinstatement order pending appeal. ECF No. 59. The orders of November 4 and November 16, 2011, granted the motion to stay in part so that further proceedings could go forward in an effort to find and evaluate positions into which Ms. Miller could be reinstated. This order now confirms the reinstatement ruling as set out on the record of the hearing on December 2, 2011.

The Department has preserved its positions that it is entitled to a judgment as a matter of law, that a new trial should be granted, that the damages award is excessive, and that Ms. Miller should receive no forward-looking relief at all—no reinstatement and no front pay. The Department has preserved its position that if Ms. Miller is reinstated, she should be reinstated to an open position at the Liberty Correctional Institution main facility in Bristol, Florida, rather than into a position at the Quincy Annex in Quincy, Florida, where Ms. Miller lives. For the reasons set out in the orders of October 14 and November 29 and on the record of the

December 2 hearing, I have rejected all of these assertions and have ruled that the Department must elect, as the forward-looking remedy, either front pay or reinstatement to an appropriate position at the Quincy Annex.  Given those choices, the Department announced on the record of the December 2 hearing its election to reinstate Ms. Miller to a food-service-worker at the Quincy Annex.  The reinstatement will be at the salary and with the benefits Ms. Miller was receiving as of March 25, 2009.  The Department will be required to move Ms. Miller into her old position of Food Services Director I if the position comes open during Ms. Miller's tenure and she elects to take it.

This order directs the clerk to enter an amended judgment revising the reinstatement provision and adding front pay for the period from October 19, 2011 (the date set out in the October 14 order for front pay to begin accruing) through December 4, 2011.  This is a total of $4,196.43.[1]

The order denies any further stay of the reinstatement order but stays collection of the money judgment contingent upon the Department's filing of a supersedeas bond or an undertaking—in lieu of a bond—to pay the judgment if upheld on appeal.

For these reasons,

---

[1] Ms. Miller's salary was $1,250 biweekly.  *See* ECF No. 13-9 at 2.  The period from October 19 through December 4, inclusive, is 47 days.  The calculation is this: $1,250 x 47/14 = $4,196.43.

*Case No: 4:10cv380*

IT IS ORDERED:

1. The Department must employ Ms. Miller in the position of food-service worker at the Quincy Annex beginning on Monday, December 5, 2011, at the salary and with the benefits she was receiving as of March 25, 2009.  But if, since that date, a general benefits reduction has been put in place for the position of Food Services Director I—for example, a requirement to contribute to the retirement system—the Department may apply the reduction to Ms. Miller.  The Department must move Ms. Miller into the position of Food Services Director I if, during Ms. Miller's tenure with the Department, the position comes open and she elects to take it.  This order does not diminish the Department's ability to require Ms. Miller to comply with the same requirements—and to suffer the same discipline in the same circumstances—as any other employee in the same position.  This injunction is binding on the Department and its officers, agents, servants, employees, and attorneys—and on those in active concert or participation with them—who receive actual notice of this injunction by personal service or otherwise.

2. The clerk must enter a second amended judgment substituting the reinstatement provision in paragraph 1 for the original reinstatement provision and adding to the money judgment the amount of $4,196.43 as front pay.

3. The Department's motion to stay, ECF No. 59, is GRANTED IN PART and DENIED IN PART.  The reinstatement order is not further stayed.

Proceedings to enforce the money judgment will be stayed without a further order upon the filing of a supersedeas bond under Federal Rule of Civil Procedure 62(d). Proceedings to enforce the money judgment also will be stayed without a further order upon the filing a statement by the Department, signed by a person authorized to sign it, stating that, if the judgment is upheld on appeal, the Department will pay the judgment within 30 days. For this purpose, if no appeal is filed, the judgment is "upheld on appeal" on the deadline for filing an appeal. If an appeal is filed, the Eleventh Circuit dismisses the appeal or affirms the judgment, and no petition for certiorari is filed, the judgment is "upheld on appeal" on the deadline for filing a petition for certiorari. If a petition for certiorari is filed, the judgment is "upheld on appeal" when the petition is denied or vacated or the judgment is otherwise upheld by the Supreme Court.

SO ORDERED on December 2, 2011.

                                            s/Robert L. Hinkle
                                            United States District Judge